**Pesavento v. Wilkes-Barre Independent Co.**

*Sol Lubin,* for plaintiffs.
*David W. Saba,* for defendant.

BROMINSKI, *P.J.,* December 26, 1979—On June 28, 1977, plaintiffs, Carl Pesavento and John J. Wallace, filed a complaint in trespass against defendant, Wilkes-Barre Independent Company, alleging that a certain article published in the April 3, 1977, edition of defendant's newspaper, the Sunday Independent, was libelous, causing plaintiffs to be brought into reproach and to suffer in their reputations and feelings, all of which was to their great financial loss and damage.

On May 30, 1979 and June 1, 1979, plaintiffs took the depositions of Ludwig Rauscher, the author of the aforementioned newspaper article. During the depositions, plaintiffs' counsel queried the deponent with regard to the names of the sources of the information set forth in the article, and the whereabouts of any notes he may have compiled during the course of his investigation. Mr. Rauscher refused to divulge the identities of his sources of such information, and stated that his notes had been lost while moving defendant's facility from one location to another.

Subsequently, pursuant to the Pennsylvania Rules of Civil Procedure pertaining to depositions and discovery, and plaintiffs' application thereunder, a rule was granted against defendant and Ludwig Rauscher to show cause why Ludwig Rauscher should not be ordered and compelled to reveal the names of all the sources of information set forth in the aforementioned application and complaint, and to produce the notes relevant

thereto, under penalty of contempt. The question now before us is whether he should be so ordered and compelled.

Mr. Rauscher admitted writing the article in its entirety.

Paragraph 6 of plaintiffs' application reads as follows:

"6. Said writing as set forth in the aforesaid Complaint makes the following assertions, inter alia, with regard to the plaintiffs:

a. '. . . Sources close to the probe being conducted by Wilkes-Barre Area superintendent Leo Solomon told the Sunday Independent preliminary testimony revealed that two reporters for the Wilkes-Barre daily paper may have played a key role in trying to "embarrass" the teacher involved. . . .'

b. '. . . Sources at the meeting say it appeared that the Kwak forces had made sure there was adequate television coverage of the event before the charge was made. . . .'

c. '. . . Sources close to the investigation note that one of the reporters from the daily paper who covered the school board meeting was Carl Pesavento.

'. . . Pesavento happens to be the grandfather of young Kwak and father of Mrs. Kwak . . .'

d. '. . . Gorham supporters contend that another recent story in the daily paper, again prominently displayed and involving a divorce action between Gorham and his wife, was intended to further embarrass the teacher-coach. . . .'

e. 'Court House sources say the story was the work of Jack Wallace, reporter for the daily paper. An employee of the prothonotary's office has con-

firmed that Wallace repeatedly asked for the official record of the divorce charges before it was finally made available to him.

'. . . The employee noted that Wallace seldom zeroes in on specific divorce cases. "We deal with them every day and most of them never even get a mention," the employee noted. . . .'

f. '. . . Gorham supporters indicate that Pesavento and Wallace long have been close allies, especially in union matters involving Wilkes-Barre newspapers. . . .'"

Plaintiffs adopt the position that by publicly disclosing and publishing the statements made by his alleged sources of information in the article, the said Ludwig Rauscher and the defendant have waived any privilege of nondisclosure of such alleged sources.

Plaintiffs point to Pa.R.C.P. 4003.1 which sets forth, inter alia, the following pertinent standard:

"Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, *not privileged, which is relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . ." (Emphasis supplied.)

Pa.R.C.P. 4011, however, provides in pertinent part as follows: "No discovery or deposition shall be permitted which . . . (c) relates to matter which is

privileged. . . ." Pennsylvania's "shield" law concerning confidential communications to news reporters, 42 Pa.C.S.A. §5942(a), same being substantially a reenactment of the Act of June 25, 1937, P.L. 2123, sec. 1, 28 P.S. §330, sets forth the following general rule:

"No person engaged on, connected with, or employed by any newspaper of general circulation or any press association or any radio or television station, or any magazine of general circulation, for the purpose of gathering, procuring, compiling, editing or publishing news, shall be required to disclose the source of any information procured or obtained by such person, in any legal proceeding, trial or investigation before any government unit."

It is apparent that the discovery sought by plaintiffs is relevant to the subject matter of their action. Moreover, by virtue of the above-quoted portion of news reporters' "shield" law, it is equally apparent that the information communicated to the deponent, Ludwig Rauscher, is privileged. The only issue, therefore, is whether defendant and/or deponent have waived such privilege by publicly disclosing and publishing the statements made by the deponent's sources of information. We do not believe that any waiver has been effected.

To say the least, there is not an abundance of case law on the issue. Even two of the principal cases interpreting the "shield" law, to wit, Taylor and Selby Appeals, 412 Pa. 32, 193 A. 2d 181 (1963), and Hepps v. Philadelphia Newspapers, Inc., 3 D. & C. 3d 693 (1977), render no unequivocal pronouncement on the subject of waiver which would be controlling in the matter before us.

The Taylor case was criminal in nature involving an appeal from an order adjudging the appellant guilty of contempt of court as the result of the proceedings of the November, 1962 Grand Jury investigating alleged criminal conduct and corruption in the City of Philadelphia. The Hepps case involved a civil action in libel. These cases do, however, offer certain guidelines which are germane to the instant matter. These are:—

1. The statute must be liberally construed in favor of newspapers: Taylor and Selby Appeals, supra, at page 40.

2. The Taylor decision requires a broad and liberal construction of the act, in favor of nondisclosure: Hepps v. Philadelphia Newspapers, Inc., supra, at page 705.

3. The words "source of any information" appearing in the statute mean not only the identity of the person, but likewise include documents, inanimate objects and all sources of information: Taylor and Selby Appeals, supra, at page 40.

Essentially, plaintiffs contend that since the information obtained from Rauscher's sources was, in fact, published, then there has been a waiver of the privilege and the reporter can be compelled to reveal the sources of such information. Neither the statute nor the foregoing cases support such a position. To place such a construction on the statute would render it meaningless because a reporter could be compelled to disclose, in a legal proceeding or trial, the source of any information he has obtained for the purpose of gathering, procuring, compiling, editing or publishing any news whatsoever. Such a construction appears to be contrary to the clear objective and intent of the legislature which, obviously, has placed the accumulation, as

well as the protection of the source, of news as of greater importance to the public interest and of more value to the public welfare than such disclosure: Taylor and Selby Appeals, supra, at page 42.

In the more recent enactment of the "shield" statute, to wit, 42 Pa.C.S.A. §5942, the legislature, in subsection (b) thereof, has created an exception to the general rule, not applicable here, pertaining to broadcasts and telecasts of radio and television stations. We believe that any other exceptions to, or waivers of, the general rule, such as is argued and urged upon us by plaintiffs in the present matter, likewise should be mandated by the legislature. This is not to say that there can be no waiver of the privilege without such legislative intervention, since it is well established that even constitutional rights may be effectively waived: Wilson v. Philadelphia School District, 328 Pa. 225, 195 Atl. 90 (1937).

However, we cannot conclude that by describing in the article certain sources as "being close to the probe being conducted by Wilkes-Barre Superintendent Leo Solomon," or as being "at the meeting" (i.e., a public meeting of the school board), or as being "close to the investigation," or as being an employe in the prothonotary's office in the court house, or as being "Gorham supporters," the reporter has waived the privilege conferred by the statute. Such nebulous revelation of these sources does not equate with the actual publication or public disclosure of the informants' names so as to constitute a waiver.

We conclude, therefore, that in the absence of the actual publication or public disclosure of the name of the informer and the fact that he made a state-

ment, there is no waiver of the privilege created by the statute: Taylor and Selby Appeals, supra.

Accordingly, we enter the following

## ORDER

And now, December 26, 1979, the rule granted and directed against defendant and Ludwig Rauscher to show cause why the said Ludwig Rauscher should not be ordered and compelled to reveal the names of all the sources of information as more fully set forth in plaintiffs' application and complaint, and to produce the notes pertaining thereto, under penalty of contempt, is discharged and dismissed.